## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**VALERIE ANN CARL,**

> **Plaintiff,**

**v.**                                                   **Case No:   6:19-cv-1027-Orl-37EJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

> **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Valerie Ann Carl, brings this action pursuant to Title II of the Social Security Act (the "Act"), as amended, 42 U.S.C. §§ 405(g) and 423, to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her Disability Insurance Benefits ("DIBs") under the Act. (Doc. 1.) Upon a review of the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the ALJ's decision, the administrative record, and the pleadings and memorandum submitted by the parties, I respectfully recommend that the Commissioner's final decision in this case be affirmed, pursuant to sentence four of 42 U.S.C. § 405(g).

### I.      BACKGROUND

Plaintiff filed for DIBs on December 22, 2016. (Tr. 64, 175–176.) She alleged an onset of disability of October 6, 2015, due to a back disorder, depression, torn tendon in the left arm, and insomnia. (Tr. 64.) Her application was denied initially on February 12, 2016 and upon reconsideration on July 11, 2016. (Tr. 95–97, 99–103.)

Plaintiff attended a hearing before an ALJ on June 20, 2018. (Tr. 40–63.) In a decision dated July 13, 2018, the ALJ found Claimant not disabled, as defined under the Act. (Tr. 8–28.)

Plaintiff appealed to the Appeals Council, but on April 1, 2019, the Appeals Council denied Plaintiff's request for review. (Tr. 1–7.) Plaintiff then filed this action for judicial review of the Commissioner's decision on April 3, 2019. (Doc. 1.) Plaintiff has exhausted the available administrative remedies, and the case is properly before this Court.

Plaintiff's only argument on judicial review is that the ALJ erred by posing a hypothetical question to the Vocational Expert ("VE") that did not adequately reflect Plaintiff's limitations. (Doc. 27 at 9–11.)

## II.     THE ALJ'S DECISION

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and set forth in 20 C.F.R. § 404.1520(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–1240 (11th Cir. 2004). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. *Id.* at 1241 n.10.

Here, the ALJ performed the required five-step sequential analysis. (Tr. 13–21.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 6, 2015, the date of alleged disability onset. (Tr. 13.) At step two, the ALJ determined that Plaintiff had two severe impairments: degenerative disc disease and left wrist arthritis. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met

or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15.)

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c), except she was only "capable of unlimited climbing of ramps/stairs[,] occasional climbing of ladders, ropes, and scaffolds[,] . . .unlimited balancing and frequent stooping, kneeling, crouching, and crawling[, and] occasional overhead reaching with her left shoulder." (Tr. 15.) At step four, the ALJ concluded that Plaintiff was unable to perform her past relevant work as a program manager for a non-profit foodbank. (Tr. 19.) Proceeding to step five, the ALJ, considering Plaintiff's age, education, work experience, and RFC, concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform as a furniture rental clerk and counter clerk. (Tr. 20.) Ultimately, the ALJ found that Plaintiff was not under a disability at any time from October 6, 2015, through the date of the decision. (*Id.*)

### III.    STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks omitted).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if

the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner.]" *Id.* However, though the review is limited, "the entire record must be scrutinized to determine the reasonableness of the Secretary's factual findings." *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

## IV.    DISCUSSION

Plaintiff argues that the ALJ improperly relied on the testimony of the VE because the ALJ did not adequately pose a hypothetical question that included all of Plaintiff's limitations. (Doc. 27 at 10.) Specifically, Plaintiff argues that the hypothetical question posed to the VE did not include the *same* limitations as contained in the RFC determination; rather, the hypothetical question included an *additional* limitation that the RFC did not include. (*Id.* at 11.) Thus, Plaintiff concludes that "the testimony of the [VE] should be rejected because it did not fully and accurately reflect [Plaintiff's] condition." (*Id.*) Defendant responds that the ALJ did not err because the RFC decision was *less* restrictive than the hypothetical question posed to the VE, and therefore, the hypothetical question posed to the VE "indisputably included all the limitations in the RFC." (*Id.* at 12.)

At step five, the burden of proof shifts to the Commissioner to demonstrate that there are jobs in significant numbers that Plaintiff could have performed. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). At this step, the ALJ must "articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). When a claimant "cannot perform a full range of work at a given level of exertion or the claimant has non-

exertional impairments that significantly limit basic work skills[,] . . . the Commissioner's preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a VE." *Curcio v. Comm'r of Soc. Sec.*, 386 F. App'x 924, 925 (11th Cir. 2010) (unpublished) (internal quotation marks omitted). When "the ALJ elects to use a [VE] to introduce independent evidence of the existence of work that a claimant could perform, the ALJ must pose a hypothetical that encompasses *all* of the claimant's severe impairments in order for the VE's testimony to constitute substantial evidence." *Chavanu v. Astrue*, No. 3:11-cv-388-J-TEM, 2012 WL 4336205, at *9 (M.D. Fla. Sept. 21, 2012) (citing *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985)) (emphasis added).

Here, the ALJ limited Plaintiff's RFC to unlimited climbing of ramps and stairs, occasional climbing of ladders, ropes, and scaffolds, unlimited balancing and frequent stopping, kneeling, crouching, and crawling, and occasional overhead reaching with her left shoulder. (Tr. 15.) However, one of the hypothetical questions[1] the ALJ posed to the VE fully incorporated Plaintiff's RFC and added the additional limitation of "only occasional grasping and fingering with [the] left dominant hand." (Tr. 61.) The VE responded that such a person could perform jobs as a furniture rental clerk and counter clerk. (Tr. 61.)

The undersigned does not discern any error where the RFC is *less* restrictive than the hypothetical question posed to the VE, and Plaintiff has pointed the Court to no legal authority holding differently. Even though the ALJ posed a more restrictive hypothetical question than was ultimately included in the RFC, the VE's testimony nevertheless included all of Plaintiff's impairments. Thus, if Plaintiff could have performed the jobs of furniture rental clerk and counter

---

[1] The ALJ ultimately posed three hypotheticals to the VE with varying levels of restrictiveness. (Tr. 60–62.) The other two hypotheticals are not pertinent to this analysis.

clerk with the additional limitation of only occasional grasping and fingering with the left dominant hand, then she could certainly perform those jobs without that restriction present. The law supports this conclusion because, for example, if someone can do medium work, they can also do light and sedentary work. 20 C.F.R. § 404.1567(c); *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) (unpublished) ("'If someone can perform light work, they are also considered capable of performing sedentary work.").

Because the hypothetical question included all limitations that were ultimately included in the ALJ's RFC, the ALJ did not err. Even if the ALJ did err, such error was harmless, as it would be a wasteful exercise to remand the case simply to have the ALJ ask the VE a hypothetical question that included the exact same limitations in the RFC. In *Flanagan v. Colvin*, No. 8:15–cv–1542–T–JRK, 2016 WL 4890355, at *4 (M.D. Fla. Sept. 15, 2016), the plaintiff argued that the ALJ erred because the hypothetical question that the ALJ posed to the VE "limited Plaintiff to sedentary work with additional restrictions . . . rather than light work with additional restrictions as the ALJ found in the written Decision . . . ." The court found that, even if this were error, it was harmless, because the hypothetical was more restrictive than the ALJ's RFC. *Id.* at *4–5.

> [A]lthough the ALJ ultimately decided that Plaintiff can do more than he asked the VE about, the VE's testimony provides substantial evidence to support the ALJ's ultimate step five finding. So, even if the ALJ should have assessed an RFC in the written Decision that is more restrictive, as Plaintiff contends, the more restrictive hypothetical posed during the hearing cured any error in the RFC in the written Decision.

*Id.* at *5. Here, as in *Flanagan*, the hypothetical to the VE was more restrictive than the ALJ's ultimate RFC determination. Therefore, any error in not presenting the VE with an exact recitation of Plaintiff's RFC was harmless. As such, I respectfully recommend that the Court conclude that

the ALJ did not err in relying on the VE's testimony, or alternatively, that any error committed by the ALJ was harmless.

## V.  RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1.      **AFFIRM** the Commissioner's final decision in this case; and

2.      **DIRECT** the Clerk to enter judgment accordingly and **CLOSE** the file.

## <u>NOTICE TO PARTIES</u>

A party has **fourteen days** from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 16, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record